O’NIELL, Chief Justice.
 

 The defendant is appealing from a conviction and sentence for the crime of stealing a cow and calf.
 

 On the trial of the case the district attorney offered in evidence the cow which he said was the one that was stolen, and the jury was allowed to go and see the cow in a truck parked in front of the courthouse. The attorney for the defendant objected to the proceeding on the ground that there was no proof that the cow in the truck was the same cow that had belonged to the prosecuting witness. The judge sustained the objection, - on the authority of State v. Foret, 196 La. 675, 200 So. 1. The defendant’s plea was that he had taken the cow and calf off of the range'by mistake, be-, lieving that they were his cattle. He took them to Center, Texas, and sold them there, and after being accused of stealing them he returned to Center, Texas, and repurchased the cow and calf, and returned them ’ to the man who claimed them, and who afterwards became the prosecuting witness. When the judge sustained the defendant’s objection to the offering of the cow in evidence, the district attorney proved by the prosecuting witness and by other witnesses who were well acquainted with the cow that she — the one in the truck near the courthouse — was the same cow which once belonged to the prosecuting witness and which, after having disappeared for some time, was returned to him by the defendant. The judge then reversed his- ruling. He was right in allowing the cow to be introduced in evidence, so to speak, after she was identified by testimonial proof that she was the cow which formerly belonged to the prosecuting witness and which, after having disappeared -for some time, was returned to him by the defendant. As a matter of fact, the cow
 
 *211
 
 lost her importance as evidence in the case when the - defendant disclosed that his defense was that he had taken and sold the cow by mistake, believing that she was one of his cows. There was then no dispute about the identity of the cow. The difference between this case and the case of State v. Foret is that Foret denied that the steer which was found in his possession, and which he was charged with having stolen, was the same steer that once belonged to the prosecuting witness. Foret claimed that he had bought the steer from a man named Folse; hence the only issue in the case was whether the steer found in Foret’s possession belonged to the prosecuting witness or was the one which Foret had bought from Folse. Aside from the fact that the introduction of the cow in evidence in this case became unimportant when the defendant disclosed his defense, the judge was right in reversing his ruling on the defendant’s objection after the district attorney introduced testimonial proof of the identity of the cow in the truck. Bills of exception No. 1 and No. 2, therefore, which were reserved to the final ruling of the judge on this objection, are not well founded.
 

 The third bill of exception has reference to an objection made by counsel for the defendant .to a remark made by the district attorney in his argument to the jury. The attorney for the defendant and the district attorney do not agree exactly upon what the district attorney said to the jury. The judge says, in his per curiam, that he was prevented from hearing all that was said, because of the objection and interruption by the attorney for the defendant. It appears, however, that the district attorney’s, remark, which was objected to, conveyed the idea that the defendant had stolen cattle at other times and had claimed that he had taken the cattle by mistake. According to the judge’s recollection the remark of the district attorney was only a hypothetical .statement, thus: “If a party steals a cow here and steals a cow there, and claims it was a mistake, * * The objection made by the attorney for the defendant was that there was no evidence that the defendant was ever accused of stealing a cow other than the one referred to in this case, and that the remark of the district attorney, therefore, would create an undue prejudice against the defendant. Our opinion is that the remark was prejudicial, and it was unfairly so if there was no evidence that the defendant was ever accused of taking any other cow. In fact we do not see how such evidence would have been admissible in this case. We believe, though, that whatever 'harm might have resulted from the remark of the district attorney was prevented by the prompt action of the judge. He had instructed the jury previously, when an objection was made to a remark made by the district attorney in his argument to the jury, that the' jury should disregard the remark if there was no evidence to support it; and when this subsequent objection was made by the attorney for the defendant the judge sustained the objection and reminded the jurymen of the instruction which he had given them. Our opinion is that this bill of exception is not well founded.
 

 
 *212
 
 The only remaining bill is the one which was reserved to the overruling of the defendant’s motion for a new trial. The motion was merely a reiteration of the complaints which we have disposed of, and the adding of the complaint that the verdict was contrary to the law and the evidence. The latter complaint presents a question of which this court-has not jurisdiction in a criminal prosecution.
 

 The verdict and sentence are affirmed.